PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANDRÉS PÉREZ, Defendant and Appellant.

No. 4792. Argued January 13, 1933.—Decided May 29, 1934.

P. *Pérez Pimentel,* Miguel A. *Burset,* R. *García Cintrón,* and R. *Arroyo* for appellant. R. A. *Gómez, Fiscal,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Andrés Pérez took this appeal from a judgment convicting him of burglary in the first degree after a jury had returned a verdict of guilty.

The appellant entered, at night, the shop belonging to Tomás Ramírez and Aureo Díaz, in Vieques, and was surprised and apprehended when he was opening the iron safe where the money was kept. The evidence of his crime is clear, and he alleges no error as to the sufficiency thereof to support the sentence. The grounds of his appeal refer to the manner in which the trial was held and to the court's refusal to grant him a new trial.

The first of the errors assigned is that Aureo Díaz, who did not appear as a witness for the prosecution on the information, was permitted to testify at the trial, but it has been held on several occasions that the prosecuting attorney can call as a witness a person whose name is not indorsed on the information, since the admission of evidence is left to the sound discretion of the court. *People* v. *Kent,* 10 P.R.R. 325; *People* v. *Román, alias Chelo,* 10 P.R.R. 532. The appellant acknowledges this, but says that his statements to the court to the effect that he was surprised by the presentation of this witness, that it caused him prejudice, and that he was not prepared to be confronted with him, were sufficient grounds for the entering of an order postponing the trial. If this were so, trials would necessarily have to be stayed under such circumstances, and the court would have no discretion whatever to exercise. We have no statute, as there is in other jurisdictions, that requires the presentation of affidavits of merits

in order to obtain a continuance on such ground, but it is always necessary to show to the court something more than the mere statements made by the appellant. Besides, the witness, Aureo Díaz, whom the prosecuting attorney presented, but whose name did not appear in the list of his witnesses, was one of the owners of the shop robbed, for which reason his introduction as a witness, he being one of the prejudiced persons, could not have surprised the defendant; and he was a person well known to the defendant, as the latter testified, for which reason we do not find that the court committed the error attributed to it.

The second and third assignments are identical, and the appellant recognizes that fact; hence, we will consider them jointly. They are to the effect that the lower court permitted the witnesses Angel Rodríguez Escobar and Concepción Carmona to testify. The former of these witnesses was the Municipal Judge of Vieques at the time to which the information refers, and the latter an insular policeman. The objection advanced against them was that they were hearsay witnesses and that the defendant was not present at the time to which they referred.

Both witnesses went to the shop immediately after the occurrence involved in the instant case, which took place one Saturday night, and both testified that they saw open a shop door that led into the vestibule of the building where the business establishment was located, and on the second floor of which Andrés Pérez lived at that time; that said door which opened into the vestibule had a key in it, and on the vestibule side it was boarded up, but the board had been sawed through; that on the following Monday the policeman found near the safe a small key which he turned over to the judge, who tried it on the safe and found that it opened the inside part.

The court did not err in allowing these witnesses to testify because there is nothing of hearsay in their testimony. It comprised facts of which they had knowledge through their

own senses and which it was not necessary for them to see in the presence of the accused. The testimony was admissible because it related to the defendant, who had been seen by other witnesses to enter by that door, had gone to the safe, and had begun to manipulate its combination, having a lighted flashlight, and under those circumstances he was apprehended. He then threw away something that gave out a metallic sound, and which proved later to be the little key that opened the inner door of the safe, but it was not the key belonging to the owners of the shop.

The fourth assignment of error is that the court allowed the prosecuting attorney to make certain statements in the presence of the jury, to the prejudice of the accused. We have read the remarks made by the prosecuting attorney during the trial and which are referred to in the assignment we are now considering, but we do not find that they could have prejudiced the defendant in any way before the jury especially in view of the clear, strong evidence of eye-witnesses and of the defendant's having been surprised when, after searching the shop, he was trying to open the safe where the money of the business establishment was kept.

By the last assignment the appellant complains of the refusal to grant him a new trial.

The motion in which the same was requested with the grounds therefor, forms no part of this record, which is sufficient reason for not considering the assignment. However, even taking into account the grounds on which, according to his brief, the motion was based, it appears that they are identical with the ones he urges in his appeal to us from the judgment and as the same have been decided against him, the new trial sought by him cannot be decreed.

The judgment appealed from must be affirmed.